[Cite as *State v. Tipton*, 2020-Ohio-3680.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28602 |
| | : | |
| v. | : | Trial Court Case No. 2019-CRB-2266 |
| | : | |
| FRED TIPTON, III | : | (Criminal Appeal from |
| | : | Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 10th day of July, 2020.

. . . . . . . . . . .

AMY B. MUSTO, Atty. Reg. No. 0071514, City of Dayton Prosecutor's Office, 335 West Third Street, Room 372, Dayton, Ohio 45402
    Attorney for Plaintiff-Appellee

JAMES S. SWEENEY, Atty. Reg. No. 0086402, 285 South Liberty Street, Powell, Ohio 43065
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1} Following a bench trial in the Dayton Municipal Court, Fred Tipton III was found guilty of aggravated menacing and sentenced to 180 days in jail, which was suspended. He appeals from the municipal court's judgment. We affirm.

**Factual and Procedural Background**

{¶ 2} On May 13, 2019, Tipton was charged with one count of aggravated menacing, in violation of R.C. 2903.21(A), a first-degree misdemeanor. Tipton pleaded not guilty, and the matter proceeded to a bench trial. The evidence presented showed the following facts.

{¶ 3} Hester Tipton, who goes by her middle name, Renee, is Fred Tipton's sister. At the time of the events in this case, she had custody of Tipton's 13-year-old daughter. Tipton had no visitation rights and apparently had not seen his daughter since Renee was given custody three years earlier. Since then, Renee and Tipton had not had a good relationship, and Renee had blocked Tipton's phone number.

{¶ 4} On May 9, 2019, Renee and her long-time fiancé, Marvin McDermott, were having dinner at a Dayton restaurant when McDermott received an angry phone call from Tipton. He was angry because his daughter was in the hospital and Renee had not called to tell him. Tipton was cursing and talking so loudly that Renee could hear him. McDermott went outside, and Renee followed. Outside the restaurant, McDermott turned on his phone's speakerphone. He did not tell Tipton that he had turned it on or that others could hear their conversation. Renee and McDermott listened as Tipton threatened to send someone to "beat up" Renee and threatened numerous times to kill her. Renee testified that Tipton also threatened to have someone "shoot up" her house, though McDermott

did not remember that threat. Renee also said that Tipton claimed that the hospital was being watched and that Renee needed to watch her back. It was then that Renee called the police from her own phone. When the police arrived, McDermott was still on the phone with Tipton. An officer told McDermott to hang up, and he did. The officer testified that Renee appeared very frantic and scared and worried.

{¶ 5} Tipton testified in his own defense. He said that he did not know that McDermott had turned on speakerphone and did not know that anyone else was around to hear the conversation. Tipton said that he did not know that Renee overheard the phone call.

{¶ 6} On October 10, 2019, the municipal court entered a judgment finding Tipton guilty of aggravated menacing. On October 29, he was sentenced to 180 days in jail, all of which was suspended. Tipton was also ordered to complete an anger management program, a psychological evaluation, and to pay court costs of $120.

{¶ 7} Tipton appeals.

## Analysis

{¶ 8} Tipton's sole assignment of error alleges that his conviction for aggravated menacing was against the manifest weight of the evidence.

{¶ 9} When reviewing a weight-of-the-evidence challenge, an appellate court reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether, in resolving conflicts in the evidence, the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 175,

485 N.E.2d 717 (1st Dist.1983).

{¶ 10} The aggravated menacing statute pertinently states that "[n]o person shall knowingly cause another to believe that the offender will cause serious physical harm to the person * * *." R.C. 2903.21(A). "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist." R.C. 2901.22(B).

{¶ 11} Tipton argues that he did not know his threats were being conveyed or would be conveyed to Renee. The plain language of R.C. 2903.21 does not require that the threats be made directly to the victim. "[A] threat to cause harm need not be made directly to the intended victim but may be sufficient if made to a third-party * * * whom the defendant knew or reasonably * * * should have known would convey the threat to the intended victim." *State v. McWilliams*, 5th Dist. Stark No. 2011-CA-00051, 2012-Ohio-663, ¶ 23. *Accord Dunn v. Clark*, 12th Dist. Warren No. CA2015-06-055, 2016-Ohio-641, ¶ 14 (the defendant was aware that the third-party was in an intimate relationship with the victim, so it could be inferred that the defendant "knew or reasonably should have known" the third-party would tell the victim about threats); *State v. Knoble*, 9th Dist. Lorain No. 08CA9359, 2008-Ohio-5004, ¶ 25 (concluding that the defendant's threats were made knowingly because it was "more likely than not" that a third-party would inform the victim).

{¶ 12} Tipton's threats were made knowingly, that is, he was aware that his conduct would probably cause a certain result, namely, Renee's belief that he would seriously harm her. Tipton was aware that McDermott was Renee's long-time fiancé, so it could reasonably be inferred that Tipton knew or reasonably should have known that

McDermott would tell Renee about Tipton's threats against her. *See Dunn.*

{¶ 13} Tipton's argument relies on two apparent contradictions between McDermott's and Renee's testimony. The first concerns whether McDermott told Tipton that Renee could hear the conversation. Renee testified that, during the call, Tipton could hear her and that McDermott told him that she was within earshot. But McDermott testified that he never told Tipton that anyone else could hear the conversation. The second alleged contradiction concerns who called the police. Renee testified that she called the police; McDermott testified that neither he nor Renee called the police. We think that there were ways to reconcile this testimony and that neither of the apparent contradictions was significant; moreover, contradictions in evidence are matters for the trial court to resolve. Ultimately, the trial court could also have reasonably concluded that Tipton should have expected McDermott to tell Renee of his threats. The evidence supports the conclusion that Tipton should have expected such communication.

{¶ 14} This is not an " 'exceptional case in which the evidence weighs heavily against the conviction.' " *Thompkins*, 78 Ohio St.3d at 387, 678 N.E.2d 541, quoting *Martin*, 20 Ohio App.3d at 175, 485 N.E.2d 717. We conclude that the municipal court neither lost its way nor created a miscarriage of justice in convicting Tipton of aggravated menacing.

## Conclusion

{¶ 15} The sole assignment of error is overruled. The municipal court's judgment is affirmed.

. . . . . . . . . . . .

FROELICH, J. and WELBAUM, J., concur.

Copies sent to:

Amy B. Musto
James S. Sweeney
Hon. Mia Wortham Spells